AUGUST GUTSCH v. AUGUSTUS PITTSLEY AND FREDERICK STEVENSON.

*Promissory note—Fraud on maker—Admission of evidence.*

Where the defense to a promissory note is that it was obtained by fraud, and that the consideration was misrepresented, it is within the discretion of the trial judge to allow considerable latitude in receiving testimony.

Error to Huron. (Wixson, J.) October 9.—October 24.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Elbridge T. Bacon* for appellant.

*Green & Murphy* for appellees.

SHERWOOD, J.   Plaintiff brings assumpsit on a note made by defendants, reading as follows:

"$155.63                     SAND BEACH, May 9, 1882.

Sixty days from date we promise to pay to A. Gutsch, or order, the sum of one hundred and fifty-five doll. and sixty-three cents, at seven pr ct. per annum, payable at Huron County Bank, at Sand Beach.

A. PITTSLEY.

FREDERICK X̲ STEVENSON.
his / mark.

In presence of
GEO. C. GREEN."

Defendants' plea, general issue; with notice that plaintiff obtained the note from defendants by fraudulent representations, and that they never received any consideration therefor.

The evidence shows the note was given as part of the purchase price of a quantity of liquors sold to defendant Pittsley by plaintiff.   The defendants claim the liquors were represented to Pittsley to be worth $255, and he was to have them at cost price, and the same were to be measured by the parties; that Pittsley and plaintiff moved the liquors to Pittsley's saloon, and plaintiff then refused to measure the liquors or furnish the original bills thereof showing the amount; that the defendant Pittsley, after this refusal, caused the liquors to be measured, and that the amount fell short enough in value to amount to the sum for which the note was given.   The jury found for the defendant and the plaintiff brings error.

Eighteen assignments of error are based upon the rulings of the circuit judge upon the admission and exclusion of testimony.   Fraud was charged in obtaining the note, and misrepresentations as to the quantity of liquor delivered under the sale.   A large latitude in receiving testimony in such a case is within the discretion of the trial judge; and a careful perusal of the testimony fails to disclose any abuse of that discretion, and we find no error under any of these assignments.

Several exceptions were taken to the charge as given, and

to the refusals to charge. None of these are well taken. We think plaintiff's case was fairly tried, and went to the jury under a charge, so far as the record gives the same, quite as favorable to the plaintiff as the case would warrant. There was no consideration for the note. Indeed, we think the testimony strongly tends to show that the shortage in the liquor amounted to more than the note sued upon calls for.

The judgment must be affirmed with costs.

The other Justices concurred.